IN THE SUPERIOR COURT
OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| DAWN MARIE KORTER, as an individual, and as Personal Representative for the ESTATE OF SAID JOQUIN; and DEATURA EVERLYN-JEAN JOQUIN;<br><br>Plaintiffs,<br>v.<br><br>CITY OF LAKEWOOD, a political subdivision of the State of Washington, and d/b/a Lakewood Police Department, MICHAEL WILEY, an individual; and MICHAEL ZARO, an individual,<br><br>Defendants. | No. 21-2-06510-6<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES UNDER WASHINGTON LAW AND 42 U.S.C. § 1983**<br><br>**JURY TRIAL** |

COME NOW the above-named Plaintiffs, by and through their attorneys of record John. R. Connelly, Jr., Meaghan M. Driscoll and Samuel J. Daheim, and Connelly Law Offices, PLLC, and by way of claim allege upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

## I.   PARTIES

1.   Defendant CITY OF LAKEWOOD is a political subdivision of the State of Washington. Among other things, the City of Lakewood provides law enforcement services

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

through its police department, the Lakewood Police Department ("LPD"). LPD's mission is supposed to include creating a safe and secure environment in which to live and work, enforcing the law in a fair and impartial manner in accordance with applicable police standards and practices, and safeguarding its citizens' Constitutional rights. In 2017, the Lakewood Police Department (LPD) and a number of its officers, including Defendant Wiley, and Defendant Lakewood Police Chief Michael Zaro were found by a jury to have wrongfully killed a young, unarmed black man and, in so doing, to have committed numerous civil rights violations. The outcome of that case included an award of punitive damages, intended to punish the egregious constitutional violations committed by Lakewood Police Officers, including Defendant Wiley, and Defendant Lakewood Police Chief Michael Zaro, and to deter future similar conduct. Since 2017, however, Plaintiffs are informed and believe and therefore allege that the City of Lakewood did nothing to retrain or monitor the officers involved in the improper deadly shooting and have done nothing to improve their police services or train personnel in the proper use of deadly force. To Plaintiffs' knowledge, and discovery has now confirmed, LPD has done nothing to further ensure that further use of deadly force did not reoccur. Predictably, and very foreseeably, the lack of proper training of an officer who had already been determined to be overly aggressive and lacking basic understanding of police standards involving the use of deadly force, and who had previously had punitive damages assessed against him, lead to another unnecessary killing. In what should have been a routine traffic stop on May 1, 2020, Defendant Wiley, while acting in his official capacity as an LPD Officer, unnecessarily shot and killed another young black man who posed no threat of imminent physical harm. The civil rights violations set forth herein and to be proved at trial occurred as a direct and proximate result of Defendant City of

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Lakewood's customs, policies, practices, ratification of misconduct, usages, failure to train, failure to monitor, failure to supervise, failure to address Wiley's mental problems, failure to curb his overly aggressive tendencies, and failure to take any action when Defendant Wiley had previously wrongfully shot and killed an unarmed black man. Defendant City Lakewood through its police department and officials had a deliberate indifference to hiring, training, supervision, and/or discipline, which caused the deprivations of Plaintiffs' constitutional rights. The decisions of Lakewood and its Police chief Michael Zaro were deliberately indifferent and caused the deprivation of constitutional rights.

2. Defendant MICHAEL WILEY ("Officer Wiley") is a City of Lakewood police officer who, at all times relevant hereto, was acting within the scope of his employment and under color of state law. Defendant Wiley has previously been determined to have engaged in unnecessary violent and aggressive behavior, and has employed excessive force and been involved in the improper use of excessive force tactics, including the 2015 killing of Leonard Thomas. Despite having been determined to have wrongfully killed an unarmed man, Defendant Wiley was left on the LPD police force and was never disciplined, re-trained, or given additional supervision to ensure that a similar incident didn't happen again. On May 1, 2020, Wiley pulled over Said Joquin on Steilacoom Blvd. in Lakewood, WA for allegedly running a stop sign, which should have been a routine traffic stop. Defendant Wiley unnecessarily and unreasonably escalated the circumstances of the stop from the moment he stepped out of his police cruiser, failed to properly control the situation, drew his gun, held Said at gunpoint for a prolonged period, and ultimately, unreasonably and unnecessarily shot and killed Said Joquin as he sat in the driver's seat. Discovery has shown that Defendant Wiley failed to properly follow appropriate police procedures in his handling of the scene, improperly ordered Said Joquin to put

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

his hands on his head, told Said Joquin he was going to shoot him, and unreasonably and then unnecessarily shot Said Joquin for taking his hands off his head. Defendant Wiley's actions were unreasonable and done with deliberate indifference with a callous disregard for human life.

3. Defendant MICHAEL ZARO was the Chief of the Lakewood Police Department who, at all times relevant hereto, was acting under color of law and within the course and scope of his employment. In his role as Chief, Defendant Zaro is responsible for formulating and implementing LPD's policies and procedures and ensuring and ascertaining that its officers possess the qualities necessary for the safe performance of law enforcement. Defendant Zaro was involved in and has direct knowledge of Defendant Wiley's history of violent and aggressive behavior towards citizens, particularly young black men. Defendant Zaro had a duty to ensure that the Lakewood Police Officers were fit for duty, knowledgeable about proper police practices and procedures, and mentally fit to perform those duties. Defendant Zaro was aware that Defendant Wiley had mental health issues, was not fit to be serving as an officer, and had been found by a federal jury to have wrongfully killed a young African American man. Defendant Zaro did nothing to cause Defendant Wiley to be retrained, to ensure that Defendant Wiley was mentally fit to serve as an officer, to ensure that Defendant Wiley was properly trained in the use of deadly force, to supervise Defendant Wiley's behavior or training as a police officer, to monitor Defendant Wiley's behavior, to ensure that Defendant Wiley wore a body camera, had a dash camera on his vehicle despite the availability of these devices, or to take action in light of the prior jury verdict to ensure that Wiley did not wrongfully kill another human being. Defendant Zaro failed in each of these respects. Zaro was an official with the Lakewood Police Department who had final police making authority. It is clear that Lakewood officials with final policy making authority acted with deliberate indifference towards

the constitutional rights of Lakewood citizens and Plaintiffs, including Plaintiff Said Joquin. Defendant Zaro's conduct was unreasonable and done with deliberate indifference and callous disregard for human life. Said Joquin's death was an unnecessary and direct result of Defendant Zaro's failures.

4. The CITY OF LAKEWOOD is a municipal subdivision of the State of Washington. Lakewood had a duty to ensure that its police officers were properly trained and mentally fit for duty. After its police officers were previously found by a federal jury to have wrongfully killed a young, unarmed African American man while holding his four year old son in his arms, Lakewood had a duty to make sure that its Police Chief and officers were properly trained, were knowledgeable about proper police procedures and use of deadly force and were receiving training to ensure that similar wrongful conduct did not occur in the future. Its police department and officials did nothing about the fact that its police officers had violated the constitutional rights of Leonard Thomas and wrongfully killed him. The City of Lakewood did nothing to ensure that its officers were properly trained, did nothing to address the fact that a federal jury and the Honorable Barbara Rothstein had entered an order confirming, that the City of Lakewood's police officers, including its police chief, Defendant Zaro, and Defendant Wiley, had wrongfully killed a young African American man, and did nothing to ensure that is police force was properly trained in proper police practices of the use of deadly force. It did nothing to ensure that officers were wearing available body cameras and dash cameras notwithstanding that they were aware that these officers had been found to have wrongfully killed an unarmed black man. It did nothing to ensure that Defendant Wiley was psychologically and mentally fit to fulfill his duties after the jury findings, notwithstanding, evidence indicating that Wiley was not mentally stable and despite

information that Defendant Wiley was having psychological problems and under psychological treatment for these problems. As a direct result of this failure Said Joquin was wrongfully killed by Defendant Wiley. Defendant City of Lakewood Police Department ignored the findings of the Federal Jury and Judge Rothstein's Orders and did nothing whatsoever to respond to the deficiencies proven at trial or the fact that is officers had wrongfully killed a young black man. Defendant City of Lakewood Police Department's actions were unreasonable, and done with deliberate indifference and callous disregard for human life.

5. Plaintiff DAWN MARIE KORTER as an individual and as Personal Representative of the ESTATE of SAID JOQUIN, her natural son, does hereby bring all claims available under the law on behalf of the Estate, herself, and all legal and statutory beneficiaries of the Estate. Dawn is the late mother of 26-year-old Said Joquin, a young, black man who was killed by Defendant Wiley on the side of the road while seated in his vehicle and posing no threat of imminent harm to himself or anyone else.

6. Plaintiff DEATURA EVERLYN-JEAN JOQUIN is the sister of Said Joquin. She suffered extreme and continuing emotional distress and anguish and other general and special damages as a direct result of the wrongful actions of Defendants as set forth herein.

## II. JURISDICTION & VENUE

7. Jurisdiction and venue are proper in this Court as the City of Lakewood is located in Pierce County and the events giving rise to this action occurred in Pierce County.

## III. STATUTORY COMPLIANCE

8. On or about June 16, 2020, an administrative claim for damages was served upon the City of Lakewood. The City of Lakewood ignored the administrative claim and

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

made no attempts to resolve the issue short of litigation.

9. Any prerequisites to the maintenance of this action imposed by RCW 4.96 have accordingly been satisfied.

### IV.   STATEMENT OF FACTS

10. This case arises from the wrongful killing of Said Joquin in what should have been a routine traffic stop for a minor moving violation.

11. On May 1, 2020, at approximately 4:00 p.m. in the afternoon, Defendant Officer Mike Wiley pulled over a 1997 Ford Thunderbird Sedan, operated by Said Joquin, for failure to stop at a stop sign. As the cars pulled to the side of the road in a strip mall parking lot off of Steilacoom Blvd., Wiley pulled up behind Said's Thunderbird with his police cruiser. Wiley and Officer Zachary Schueller exited their police cruisers and approached Said's vehicle.

12. Officers parked in such a manner that the shooting was not captured on the dashcam video of Officer Schueller. Defendant Wiley's vehicle was not equipped with video or audio.

13. After officers learned that there was a firearm in the vehicle under the driver's seat, still in its case, they immediately escalated the situation, drawing their weapons and pointing them at Said and his passenger, Angel Vargas.

14. Said had his hands up as he was directed to do so and responded to Defendant Wiley, which was captured on audio recording that he did not want to get shot. Wiley continued to escalate the situation, regardless of the fact that Said posed no threat of harm. Wiley improperly set up a situation in which he ordered Said to put Said's hands on Said's head and told Said he was going to get shot. "Keep your hands on your head. You're going

to get shot dude."

15. Defendant Wiley held his gun, trained on Said for a prolonged period of several minutes as Said complied with officer commands. After several minutes of an unnecessarily escalated and heightened circumstance with guns aimed at Said and Angel, Defendant Wiley ultimately fired four rounds at close range into Said's body, upper chest and arm, killing him.

16. Defendant Wiley killed Said because Said moved his hands. Wiley later tried to claim that Said "lunged" for the gun, but this never happened. The gun was in a closed holster under the seat and not available for use. Defendant Wiley improperly handled the situation and killed Said for moving his hands. As a result of the wrongful and negligent shooting, Said was declared dead at the hospital.

17. This complaint is filed against the City of Lakewood for its unreasonable failure to maintain a properly trained police force, its negligent retention of officers who had been found to have previously wrongfully killed a citizen, its failure to properly train its officers regarding the proper use of deadly force and how to handle a situation without unnecessarily escalating it and its deliberate indifference to the constitutional rights of citizens, including Plaintiffs. Defendant Wiley was left on the LPD police force in 2017 even after having committed multiple civil rights violations, having punitive damages assessed against him, and having wrongfully killed an unarmed citizen. Defendant LPD Chief Zaro remained the Police Chief for the City of Lakewood in 2017 despite having committed multiple civil rights violations, and having wrongfully killed a young, unarmed African American man. The City of Lakewood was directly put on notice that it had a problem of officers violating citizens' civil rights, being unfamiliar with proper use of deadly force, and

committing multiple constitutional violations and with serious psychological and mental health issues. Despite the fact that its officers had wrongfully killed a young, unarmed African American man, the City of Lakewood's Police Department did nothing to address this problem, or to prevent the same thing from happening again. The City of Lakewood Police Department actions were negligent and unreasonable and directly led to the wrongful and unnecessary killing of another young black man.

18.  Defendant City of Lakewood knew that Defendant Wiley was a dangerous, mentally unstable, overly aggressive and unpredictable officer with a callous disregard for human life who was not mentally fit for service. Defendant City of Lakewood knew and should have known that Defendant Wiley is a mentally unstable man who was unfamiliar with and refused to follow, standard police protocols, who had previously been found to have wrongfully killed a young, unarmed black man, who had previously been seen to have pumped three gratuitous and unnecessary bullets into a family dog which had already been shot and was dying, who gleefully made statements such as "Jackpot," when the young black man was killed, referred to the shot that killed the young, black man as a "frickin million dollar shot," and suggested that they deserved massages as the young, unarmed black man lay dying. Despite this knowledge, and with reckless disregard and deliberate indifference to the rights and safety of the citizenry, Defendant allowed Wiley to continue patrol duties and interact with the public. Nothing was done by the Lakewood Police Department, to ensure that Wiley's mental instability did not result in further unnecessary and wrongful deaths of Lakewood citizens. Nothing was done to ensure that he was properly trained, that behavior changed as a result of the federal jury finding that he had wrongfully killed an unarmed black man, nothing was done to ensure that he wore a body camera, that his vehicle had a dash

camera, that he was properly monitored or supervised. As a direct result of these failures, he was retained on the police force without further training and shot and killed Said Joquin on May 1, 2020.

19. Documents and sworn testimony uncovered to date have confirmed that subsequent to the Thomas verdict, Defendant City of Lakewood Police Department and Defendant Chief Zaro did not provide any additional training, supervision, or discipline Wiley in any manner. Testimony in fact revealed that nothing whatsoever was done:

Deposition of Michael C. Wiley, (Page 48:10 to 48:18)

*Q. Did somebody sit down and talk to you about what you had done wrong in that case?*

*A. No.*

*Q. Was anybody assigned to supervise you because of the findings in that case?*

*A. No.*

*Q. Was anybody assigned to monitor you because of the findings in that case?*

*A. No.*

Wiley Deposition at Page 49:2 to 49:7

*Q. [subsequent to the Thomas verdict] Did anybody sit down and talk to you to make sure that you weren't going to wrongfully kill another human being?*

*A. No.*

20. The City of Lakewood and the City of Lakewood Police Department's actions and the actions of Defendant Zaro and Defendant Wiley were negligent, unreasonable,

deliberately indifferent, and directly led to the wrongful and unnecessary killing of another young black man.

21.     LPD and the City of Lakewood, failed to take action to address the failure of its officers to follow standard police practices and protocols, or to protect its citizens from Defendant Wiley's continued violence, lack of knowledge of standards regarding the use of deadly force, and unnecessary aggressiveness toward citizens.  Instead, Defendant Wiley has been permitted to operate unsupervised, using his badge to justify needless, aggressive, unreasonable and unnecessary violence on citizens and visitors of the City of Lakewood.  The actions by Lakewood were unreasonable, and done with deliberate indifference and callous disregard for the safety and lives of its citizens, and done pursuant to policies, customs and practices which reflected deliberate indifference and callous disregard to the safety and lives of its citizens.

## V.     NEGLIGENCE AND ASSAULT & BATTERY

22.     Defendants owe a duty of care when engaging in law enforcement functions.

23.     Defendants owe a duty to refrain from negligently, unreasonably, recklessly, and wantonly engaging in the non-consensual invasion of the sanctity of a person's bodily and personal security.

24.     Defendants owe a duty to refrain from negligently engaging in harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such harm or apprehension that such contact is imminent

25.     Defendant City of Lakewood owes a duty to ensure that the officers in its agency are fit for service and properly supervised and trained; including regarding police standards and protocols pertaining to control of a scene, dealing with citizens so as not to unnecessarily escalate

COMPLAINT - 11 of 19

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

encounters and to be familiar with and follow proper and reasonable standards regarding the use of deadly force.

26.     Defendants owe a duty to ensure that the officers in its agency are mentally and otherwise fit for service and properly trained in police standards and protocols regarding control of a scene, dealing with citizens so as not to unnecessarily escalate encounters and to be familiar with and follow proper and reasonable standards regarding the use of deadly force.

27.     Defendants owe a duty to ensure that its employees and officers have a sufficient understanding in the proper use of force, especially deadly force.

28.     Defendants owed a duty to train and discipline officers who violate the law and use of force policies and to ensure that such officers are supervised and monitored so that future conduct does not reoccur.  In this case the retention of Defendants Wiley and Zaro in light of past actions, particularly without additional training, monitoring or oversight, was unreasonable and done with deliberate indifference and callous disregard for the safety and lives of citizens. Defendants owed a duty to oversee its police department and to take action when its police chief and police officers had been found to have wrongfully killed an unarmed, black man. This duty included a duty to exercise reasonable care to ensure that its police force was competent, aware of applicable police standards and protocols, using up to date equipment including body and dash cameras, and aware of the proper use of deadly force. Defendants owed a duty to ensure that its police department was not composed of dangerous individuals who were not mentally fit, who were overly aggressive, and to ensure that its police force was properly trained and who did not pose a danger to people within the City of Lakewood. Defendants owed a duty to ensure that up to date practices and policies were followed including the use of devices such as body cameras and dash cameras.  Defendant breached

these duties and was deliberately indifferent to the constitutional rights of citizens. Such breach directly and proximately resulted in the death of Said Joquin.

29. 28. Defendant City of Lakewood breached these duties when it failed to follow the law, policies, procedures, and failed to protect the public by choosing to not discipline Wiley following the finding by a federal jury that Officer Wiley violated the law, leading to the unjustified killing of Leonard Thomas. Defendant City of Lakewood Police Department breached these duties when it allowed Defendant Michael Zaro to continue as Chief of the Lakewood Police Department following the finding by a federal jury that Defendant Zaro violated the law, leading to the unjustified killing of Leonard Thomas. Defendant failed to discipline, train, or supervise Defendant Zaro in any manner leading to Defendant Zaro being allowed to further endanger the public by recklessly allowing Defendant Wiley out on the streets with a badge and uniform. Defendant City of Lakewood breached these duties when it allowed Defendant Wiley to continue serving as an officer despite the fact that he was mentally unstable and unfit for service. Defendants breached these duties when officers engaged in the improper, unreasonable, unnecessary and excessive use of force, including but not limited to shooting and killing Said Joquin as he sat in the driver's seat of his vehicle, following Wiley's commands.

30. Defendants breached these duties when Wiley was kept on the streets when he had clearly evidenced that he was not fit to carry a weapon or come into contact with citizens.

31. Defendants breached that duty, acted unreasonably and were negligent, when Defendants failed to have and follow proper training, policies, and procedures on the standard practices of officers in performing routine traffic stops without use of excessive force.

32. Defendants breached that duty, acted unreasonably and were negligent, when they used unnecessary and improper physical force and violence against Said Joquin when Wiley

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

shot and killed him during what should have been a routine police contact with a citizen.

33. Defendant City of Lakewood, Defendant Zaro and Defendant Wiley breached duties as described above, and in other ways which may become known through the course of discovery.

34. As a direct and proximate result of the breaches, failures, and negligence of Defendants, as described above, and in other respects, Plaintiff was unnecessarily shot multiple times in the chest, torso and arm. Said Joquin suffered from pre-death pain and terror, and died as a result of Wiley's shooting him. The Estate of Said Joquin hereby brings a claim for wrongful death, and other general and special damages as a direct result of Defendants' failures and the officers' actions and omissions.

35. As a direct and proximate result of the breaches, failures, and actions of Defendants, as described above and in other respects as well, Plaintiffs, Said's mother Dawn Marie Korter, sister Deatura Joquin and family, have incurred and will continue to incur general and special damages in amounts to be proven at trial.

36. The negligent and unreasonable actions of Defendant occurred while the officers were in the course of their police work and amounted to misfeasance that created a risk of harm, and actual harm, which ultimately resulted in Said Joquin's death. The officers' actions were unreasonable, excessive, and well outside standards that reasonable police officers follow when interacting with citizens. The officers' actions exposed Plaintiff to unnecessary physical and emotional harm. The officers were required to act reasonably and follow the course of conduct of a reasonable officer. Defendant Wiley failed to act reasonably in failing to properly control the scene, in unnecessarily escalating the encounter, in choosing to deploy lethal force against Said, and in unreasonably and unnecessarily shooting him multiple times, causing his needless,

1   and untimely death. Defendants were negligent in these and other respects.

2   37.  As a direct and proximate result of Defendants' unreasonable conduct, Said Joquin was killed and his estate sustained general and special damages which will be proven with specificity at the time of trial. Plaintiffs, Dawn Korter and family members, sustained severe physical and emotional pain and suffering and mental anguish, loss of her relationship with her son, and other general and special damages which will be proven with specificity at the time of trial. Deatura Everlyn-Jean Joquin suffered general and special damages, including severe and ongoing physical and emotional pain and suffering and emotional anguish. The Estate of Said Joquin and its Beneficiaries, have suffered significant, ongoing general and special damages which have continued to the present and will continue for an indefinite time into the future and are, therefore, permanent, as a direct and proximate result of Defendants' negligence.

**SECOND CAUSE OF ACTION- VIOLATIONS OF 42 U.S.C. § 1983**

38.  By virtue of the facts set forth above, the defendants are liable for compensatory and punitive damages for subjecting, or causing to be subjected, Said Joquin, a citizen of the United States, to a deprivation of the rights guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from unreasonable seizures of his person and to be free from deprivations of his life. They did this by performing the seizure in an unreasonable, dangerous, and violent manner, and by shooting Said Joquin without legal cause or justification and by allowing Defendant Michael Wiley, a known dangerous officer, to continue patrolling the streets without supervision, training, or discipline. Defendant City of Lakewood and Defendant Michael Zaro failed to take appropriate action after a federal jury had determined that Defendant Zaro and Defendant Wiley had wrongfully killed an unarmed, black man and were unfamiliar with proper use of

deadly force or standard police protocols regarding the use of deadly force. Defendant had a policy and/or custom of deliberate indifference to hiring, training, supervision and/or discipline which caused the death of Said Joquin and the deprivation of constitutional rights of Said Joquin and Plaintiffs. The decisions of officials with final policy making authority to retain, fail to train, monitor and discipline had unconstitutional consequences, which directly led to the deprivations of Plaintiffs' constitutional rights, the death of Said Joquin and damages to Said Joquin and all Plaintiffs.

39. Defendants are liable for compensatory and punitive damages for deprivation of the civil rights of Plaintiffs guaranteed by the Constitution of the United States and 42 U.S.C. § 1983, to be free from excessive force, deprivation of life, deprivation of the familial relationship, and other violations of their Constitutionally guaranteed rights.

40. These rights are long-standing and were clearly established at all times relevant hereto.

41. Acting under color of law, Defendant Michael Zaro, the City of Lakewood, and their policy makers acted with deliberate indifference for Plaintiffs' Constitutional rights by failing to train, supervise, and discipline Defendant Wiley, failure to use standard devices such as body and dash cameras, failure to ensure that Wiley was familiar with the proper use of deadly force, failure to take steps in light of his overly aggressive and mental health issues, continued retention of Defendant Zaro and Wiley after a Federal jury had determined that they were responsible for the wrongful killing of an unarmed black man, failure to monitor, observe, supervise or review in any manner the conduct of the police department and Defendant Wiley and Defendant Zaro after they had been found to have wrongfully killed a man and after punitive damages had been awarded against them. All actions were done with

deliberate indifference and callous disregard for the safety of citizens.

42. Acting under color of law, Defendant Zaro, the City of Lakewood, and their policy makers acted with deliberate indifference for Plaintiffs' Constitutional rights by failing to promulgate, issue and enforce appropriate policies, procedures, and regulations concerning the use of deadly force, traffic stops, de-escalation, and routine encounters with the public, among others.

43. The conduct of Defendant Zaro and Defendant City of Lakewood constitutes a deliberately indifferent failure to provide adequate ongoing training, supervision, and discipline of Defendant Wiley in the performance of his duties as a law enforcement officer, a failure for which Defendants are liable to Plaintiffs under 42 U.S.C. § 1983 for any and all damages proximately caused by such failure to train, supervise, and/or discipline.

44. By virtue of the facts set forth above, Defendants are liable for compensatory and punitive damages for deprivation of the civil rights of Plaintiffs guaranteed by the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983, to be free from the deprivation of their liberty interest in a family relationship without due process of law.

45. The civil rights violations delineated herein were proximately caused by Defendants' customs, policies, practices, ratification of misconduct, and usages.

46. Through Defendants' actions as described above, they acted with reckless and deliberate indifference to the Constitutional rights of Said Joquin, his family, and the greater citizenry.

47. As a direct and proximate result of Defendants' above-described wrongful

actions, Said Joquin and Plaintiffs Dawn Korter and Deatura Joquin suffered significant pain, fear, trauma, great emotional distress, disfigurement, disability, loss of life, loss of the ability to enjoy life, pre-death terror, and lost earning capacity and death. The estate of Said Joquin suffered other special and general damages to be proven at trial.

48. As a direct and proximate result of Defendants' above-described wrongful actions, among others, including those set forth above and learned during discovery, Said's family and heirs suffered substantial general and special damages in amounts to be proven at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them jointly and severally:

(a) For an award of general and special damages, including damages for pain, suffering, predeath terror, economic loss and wrongful death in amounts to be proven at trial;

(b) For punitive damages on Plaintiffs' claims under 42 U.S.C. § 1983. Defendants' conduct was malicious, oppressive, and done with reckless disregard for Plaintiffs' rights. Defendants' conduct was accompanied by ill will and spite, done for the purpose of injuring Plaintiffs and done with complete indifference to Plaintiffs' rights and safety. Defendants acted with knowledge that such conduct resulted in violation of Plaintiffs' constitutional rights under federal law and with knowledge that Lakewood police officers had been found to have done this previously without any retraining, supervision, monitoring or any other actions taken to prevent such conduct in the future.

Defendants violated the rights of Plaintiffs and abused their power over Plaintiffs thereby subjecting Plaintiffs punitive damages pursuant to 42 U.S.C § 1983 and otherwise.

(c) For costs, including reasonable attorneys' fees and costs, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

(d) For an award of pre and post judgment interest as permitted by law;

(e) For Plaintiffs' reasonable attorneys' fees and costs as permitted by law, (42, USC Sec. 1988, and otherwise); and

(f) For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 25 day of August, 2022.

CONNELLY LAW OFFICES, PLLC

By_____
John R. Connelly, Jr., WSBA No. 12183
Meaghan M. Driscoll, WSBA No. 49863
Samuel J. Daheim, WSBA No. 52746
Attorneys for Plaintiffs