UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWN MARIE KORTER et al, <br><br> Plaintiffs, <br> v. <br><br> CITY OF LAKEWOOD et al., <br><br> Defendants. | CASE NO. 3:22-cv-05647-DGE <br><br> PROTECTIVE ORDER (DKT. NO. 13) |

This matter comes before the Court on the parties' stipulated motion for a protective order. (Dkt. No. 13.) The Court hereby ORDERS the following:

1. Through discovery, Plaintiffs (Decedent, through the Personal Representative of his Estate) seek information and records that may be private and confidential about the employment of a number of current and former employees of the City of Lakewood. Such documents and information, and other discovery (including oral depositions), may contain and/or refer to privileged, confidential, and personally sensitive material.

FRCP 26(c) provides, under certain circumstances, for the issuance of a protection orders

PROTECTIVE ORDER (DKT. NO. 13) - 1

limiting the disclosure of confidential or private information. Here, confidential and private information may be relevant to the claims and defenses of the parties and/or likely to lead to the discovery of admissible evidence.

2. This information should be exchanged by the parties and made available to counsel of record and others as set forth herein, while protecting the employees of unnecessary disclosure of such information.

3. Plaintiffs' need for disclosure and production of information that may be confidential information outweighs any reason for maintaining the privacy and confidentiality of those records.

4. As required by FRCP 26(c)(1), the parties have conferred about the need for a protective order in this case.

**IT IS STIPULATED** that Personnel Records pertaining to employees of the City of Lakewood, to include but not limited to: employment applications, background application files, personal history packets, background information, medical and physiological information, performance evaluations, performance reviews, incident reports, personnel memos, trainings, personnel status reports, complaints, investigations, internal affairs reports and investigations, notices and memos of violations, court records, mental health records, use of force reports, and disciplinary records, may contain confidential information protected by statute or otherwise afforded protections under the law;

**IT IS FURTHER STIPULATED** that documents pertaining to employees of the City of Lakewood contain discoverable information;

**IT IS STIPULATED** that within fourteen (14) days of this Order, Defendants shall produce to Plaintiffs unredacted versions of the subject Personnel Records, to include but not limited to; personal history packets, background information, medical and physiological information, performance evaluations, performance reviews, incident reports, personnel memos, trainings, personnel status reports, complaints, investigations, internal affairs reports and investigations, notices and memos of violations, court records, mental health records, and use of force reports,

The above includes the following records of Defendants which are designated as relevant and discoverable in this matter and also privileged and confidential. It is ordered that they be produced in this litigation and that they shall be subject to all the provisions in this protective order:

1. Personnel Records for Officer Michael Wiley;
2. Personnel Records for Officer Zachary Schueller;
3. Personnel Records for Officer Michael Zaro.

**IT IS FURTHER STIPULATED** that Defendants shall redact from all records produced to the Plaintiffs:

1. All social security numbers;
2. Bank account information;
3. Drivers License Numbers;
4. Dates of Birth;
5. Home Addresses;
6. Non-Work Phone Numbers and Addresses
7. Names and contact information for relatives;
8. Locations of reporting for military orders.

**IT IS FURTHER STIPULATED** that: A privilege log will be included in all productions noting documents withheld/redacted and the reason for the withholding/redacting.

5. The Background Application Files of officers are a subject of dispute between the parties and are not subject to the terms of the Protective Order.

6. The parties shall be allowed to use the aforementioned documents or information in depositions of: the Plaintiffs; Defendants and its employees; medical doctors, psychologists, nurses, counselors, health care providers, experts, and other persons named or identified in any of the

aforementioned documents; or in consulting with any expert witnesses in this case, subject to the conditions set forth in this Protection Order.

7. This Protection Order shall remain in full force and effect until such time as this Court modifies its terms or releases the parties from its provisions.

8. Either party may petition the Court to lift this Protection Order.

Dated this 14th day of July, 2023.

_____
David G. Estudillo
United States District Judge