HONORABLE DAVID G. ESTUDILLO

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| DAWN MARIE KORTER, as an individual, and as Personal Representative for the ESTATE OF SAID JOQUIN; and DEATURA EVERLYN-JEAN JOQUIN;<br><br>Plaintiffs,<br>               v.<br><br>CITY OF LAKEWOOD, a political subdivision of the State of Washington, and d/b/a Lakewood Police Department, MICHAEL WILEY, an individual; and MICHAEL ZARO, an individual,<br>                              Defendants. | No.  3:22-cv-05647<br><br>PLAINTIFFS' MOTION FOR CERTIFICATION THAT DEFENDANTS' APPEAL IS BASED ON ISSUES OF DISPUTED FACT AND IS THEREFORE FRIVOLOUS<br><br>**Noted for Consideration: August 20, 2024** |

## I.     INTRODUCTION

Defendants' arguments in support of their forthcoming appeal are wholly without merit and the outcome is obvious given that the appeal centers on issues of fact and not legal issues.  Plaintiffs seek an Order Certifying Defendants' Pending Appeal as Frivolous given that the Court denied summary judgment on the grounds that disputed issues of material fact precluded summary judgment i.e., whether or not Said Joquin posed an immediate threat of harm to Defendant Wiley giving rise to the shooting.  In order for a denial of qualified immunity to be immediately appealable to the Ninth Circuit, the trial court's denial of

PLAINTIFFS' MOTION FOR CERTIFICATION OF DEFENDANTS' APPEAL AS FRIVOLOUS - 1 of 8
(Cause No. 3:22-cv-05647)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1 summary judgment must "turn on 'the application of 'clearly established' law to a given (for appellate purposes undisputed) set of facts'". *Estate of Anderson v. Marsh*, 985 F.3d 726, 730-31 (9th Cir. 2021) (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Alternatively, "[a] public official may not immediately appeal 'a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.' " *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (quoting *Johnson*, 515 U.S. at 307, 115 S.Ct. 2151); *see George v. Morris,* 736 F.3d 829, 834 (9th Cir. 2013)) (underscoring that the Ninth Circuit may not review on interlocutory appeal "the question whether there is enough evidence in the record for a jury to conclude that certain facts are true").

Given that the denial of summary judgment was premised on disputed issues of material fact, namely, whether Said Joquin posed an immediate threat of harm, this appeal is frivolous. Defendants have not argued that if Said Joquin was merely responding to Officer Schueller's inquiry as to the location of the gun, that shooting and killing him would have been within the bounds of the constitution. In fact, Defendants' own police practices expert testified that killing Said for merely moving his hands would have been illegal. (Dkt. No. 45-20). Accordingly, this case depends on the determination of material fact regarding whether Said posed an immediate threat, and not on a legal question as would entitle Defendants to an immediate appeal. For these reasons, Plaintiffs request the Court Certify this Appeal as Frivolous and allow this matter to proceed to trial.

## II.   FACTS

This case arises from a traffic stop turned lethal, in which a Lakewood Police Department Officer with an extensive history of excessive force incidents and mental health

PLAINTIFFS' MOTION FOR CERTIFICATION OF DEFENDANTS' APPEAL AS FRIVOLOUS - 2 of 8
(Cause No. 3:22-cv-05647)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

issues, including a federal jury verdict finding him liable for unconstitutional deprivation of civil rights, killed a 26-year-old man for beginning to move his hands to gesture toward a firearm after a fellow officer inquired as to its whereabouts. The shooting occurred on May 1, 2020, and this lawsuit was filed, initially in State Court, on July 1, 2021. In the three years since this case has been filed, extensive discovery has been conducted, depositions taken, and expert reports drafted and disclosed. As the parties approached their trial date of August 26, 2024, Defendants filed a motion for partial summary judgment, claiming, in part, qualified immunity for the involved officer and his supervisor.

The Court denied the Defendants' motion for summary judgment, finding that issues of disputed material fact precluded dismissal. The Court explained, in part:

> Viewing the facts in the light most favorable to Plaintiffs, the trier of fact could find Joquin did not engage in any furtive or threatening manner during the encounter. Joquin appeared to be cooperative by complying with Wiley's instructions to keep his hands on top of his head for several minutes while Wiley and Schueller were waiting for additional law enforcement to arrive. The audio recording indicates there were no disagreements between Wiley and Joquin for the first few minutes of the law enforcement encounter. There is also no indication Schueller ever felt threatened by Joquin's conduct as Schueller never discharged his weapon or yelled at Joquin. Plaintiffs' expert also opines that the bullet trajectories and the locations of Joquin's injuries are inconsistent with Wiley's description of Joquin allegedly lunging for a firearm. Furthermore, Schueller is heard on the audio recording asking where the firearm was located and Joquin appears to have been attempting to answer Schueller's question immediately before being shot. Taken together, a reasonable jury could find Wiley's description not credible and further find Joquin was not lunging for a firearm or that the firearm was not readily accessible to Joquin when Wiley discharged his firearm and killed Joquin. Thus, a jury could find Wiley's use of deadly force was unjustified.

Court's Order on Motion for Summary Judgment (Dkt. No. 69).

Defendants now seek a stay of the trial court proceedings and an interlocutory appeal on the Court's denial of qualified immunity, arguing "Defendants, Michael Wiley and

PLAINTIFFS' MOTION FOR CERTIFICATION OF DEFENDANTS' APPEAL AS FRIVOLOUS - 3 of 8
(Cause No. 3:22-cv-05647)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  Michael Zaro, are entitled to an immediate appeal of the Court's summary judgment order on
2  qualified immunity to the extent it turns on legal questions." Br. of Def.s', Dkt. No. 71 at 1-2.
3  However, Defendants appeal is entirely premised on disputed material facts.  The issue is
4  whether or not Said Joquin presented an immediate threat of harm.  The Court correctly ruled
5  that this question must be put to a jury and therefore summary judgment was not proper.

6  Defendants cannot argue that, if the facts as argued by Plaintiff are taken as true, they
7  are entitled to qualified immunity.  If Said Joquin was merely beginning to gesture towards
8  the holstered and inoperable firearm in response to Schueller's inquiry, as the evidence clearly
9  demonstrates, Defendants cannot argue that it was appropriate to kill him.  In fact,
10 Defendants' own expert stated as much in his deposition.

```
16  Q   Is it legal for the officer to shoot someone simply for
17      moving their hands?
18          MR. JUSTICE:  Object to form.
19          THE WITNESS:  Not simply for moving their
20  hands, no.
```

14  Dkt. No. 45-20, Nielsen Dep.

15                     **III.   EVIDENCE RELIED UPON**

16  In moving to certify the Defendants' forthcoming appeal as frivolous, Plaintiffs rely
17  on the pleadings and filings on records with the Court.

18                            **IV.   ARGUMENT**

19  An order denying a motion for summary judgment is usually not an immediately
20  appealable final decision. *Plumhoff v. Rickard*, 572 U.S. 765, 771, 134 S.Ct. 2012, 188
21  L.Ed.2d 1056 (2014); *see* 28 U.S.C. § 1291.  However, a public official may appeal an order
22  on summary judgment denying qualified immunity and, in those circumstances, "interlocutory
23  review jurisdiction is limited to resolving a defendant's "purely legal ... contention that [his or

PLAINTIFFS' MOTION FOR CERTIFICATION OF
DEFENDANTS' APPEAL AS FRIVOLOUS - 4 of 8
(Cause No. 3:22-cv-05647)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

her] conduct 'did not violate the [Constitution] and, in any event, did not violate clearly established law.'" *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (quoting *Foster v. City of Indio,* 908 F.3d 1204, 1210 (9th Cir. 2018)).

In *Johnson v. Jones*, 515 U.S. 304 (1995), the United States Supreme Court held that orders denying summary judgment in "qualified immunity" cases, which determine only whether sufficient evidence exists for a claim to survive, are not appealable. *Johnson v. Jones*, 515 U.S. 304, 313 (1995). The Court explained "that is, the District Court's determination that the summary judgment record in this case raised a genuine issue of fact concerning petitioners' involvement in the alleged beating of respondent was not a "final decision" within the meaning of the relevant statute." *Id.* "[C]onsiderations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of "qualified immunity" matters to cases presenting more abstract issues of law. Considering these "competing considerations," we are persuaded that "[i]mmunity appeals ... interfere less with the final judgment rule if they [are] limited to cases presenting neat abstract issues of law." *Id.*; 5A Wright & Miller § 3914.10, at 664; 15A Wright & Miller § 3914.10, at 85 (1995 Supp.).

The Ninth Circuit has closely followed the Supreme Court's instruction in *Johnson*, recognizing that "interlocutory review jurisdiction is limited to resolving a defendant's "purely legal ... contention that [his or her] conduct 'did not violate the [Constitution] and, in any event, did not violate clearly established law.'" *Foster*, 908 F.3d at 1210. Accordingly, appellate courts have jurisdiction only to the extent "the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established law.'" *Id.* (quoting *Johnson*, 515 U.S. at 311).

PLAINTIFFS' MOTION FOR CERTIFICATION OF DEFENDANTS' APPEAL AS FRIVOLOUS - 5 of 8
(Cause No. 3:22-cv-05647)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    Thus, in order to present an issue with respect to qualified immunity subject to review
2    on interlocutory appeal, "[t]he officials must present the appellate court with a legal issue that
3    does not require the court to "consider the correctness of the plaintiff's version of the facts...."
4    *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003); see also *Pauluk v.*
5    *Savage*, 836 F.3d 1117, 1121 (9th Cir. 2016).  In the present case, assuming the facts as
6    argued by the Plaintiffs requires assuming that Said Joquin posed no immediate threat of harm
7    as "Said Joquin was physically starting to gesture towards the gun in response to Officer
8    Schueller's question, not reaching or 'lunging' for it. And this would have been obvious to a
9    reasonable person."  Dkt. No. 47., Baur Decl. at 5:16-19; Ex. 1 to Daheim Decl.  Indeed, as
10   noted in Plaintiffs' response, Officer Wiley told Said Joquin to put his hands on his head
11   telling him, "I'm going to shoot you, Dude."  He then shot Said four times the instant that
12   Said began to move his hands to gesture to Schueller where the gun was located stating "It's
13   right here." The facts do not suggest, or support, defendants' claim that Said Joquin was
14   posing any danger to Wiley.  The facts reveal that he wasn't.  Defendants' own experts are not
15   even able to support that Said was reaching for the gun.  *See* Ex. 1 to Daheim Decl., Noedel
16   Dep. at 28:16-20 (stating that it is his opinion that no one can say whether Said was reaching
17   for the holstered gun or not.).

18   Defendants' appeal centers on that purely factual question—whether Said Joquin
19   posed an imminent threat of harm.  In fact, Defendants' own motion to stay these proceedings
20   makes factual arguments regarding the movements, or lack thereof, of Said Joquin's hand in
21   the moments of the shooting. ("Plaintiffs' experts cannot dispute that Mr. Joquin's right hand
22   moved towards the gun and, indeed, plaintiffs' concede there was movement."). Dkt. No. 71.
23   In making this argument, Defendants are factually incorrect, as all experts agree, and as

PLAINTIFFS' MOTION FOR CERTIFICATION OF
DEFENDANTS' APPEAL AS FRIVOLOUS - 6 of 8
(Cause No. 3:22-cv-05647)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   Defendants' and Plaintiffs' experts plainly stated in deposition, that no one can say where
2   Said's right hand was located given that there is no bullet path through Said's right arm, but
3   that the anatomy on autopsy shows he was not leaning down or bent so that his hand could
4   reach the floorboard. *See* Hayes Dep. at 38:12-19, Dkt. No. 45-21; Noedel Dep. at 15:10-23
5   (stating that "there is no physical evidence to identify the position of his right arm" and that it
6   could have even been "above his head").

7   The Court correctly ruled that, assuming the facts as presented by the Plaintiffs, that
8   Said posed no threat of immediate harm to Wiley or anyone else, using deadly force against
9   him would violate a clearly established right. Dkt. No. 69 at 10:6-7. Defendants cannot
10  credibly argue that using deadly force against a non-threatening person would not have
11  violated their clearly established constitutional right, especially given that their own police
12  practices expert plainly testified that to do so would be unlawful.

13  A properly brought interlocutory appeal of an order denying qualified immunity on
14  summary judgment ordinarily divests the district court of jurisdiction to proceed with trial,
15  unless the district court certifies in writing that the appeal is frivolous, in which case it may
16  proceed with trial. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); see also *Behrens v.*
17  *Pelletier*, 516 U.S. 299, 310–11 (1996) (approving the process of certifying an appeal of a
18  denial of qualified immunity as frivolous as it "enables the district court to retain jurisdiction
19  pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing
20  proceedings"); *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009). An appeal is frivolous if
21  the results are obvious, or the arguments are wholly without merit. *United States v. Kitsap*
22  *Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002); see also *In re George*, 322 F.3d 586,
23  591 (9th Cir. 2003).

PLAINTIFFS' MOTION FOR CERTIFICATION OF DEFENDANTS' APPEAL AS FRIVOLOUS - 7 of 8
(Cause No. 3:22-cv-05647)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

In the present case, Defendants arguments are wholly without merit, given that they clearly intend to manufacture a dispute over the applicable legal issues out of what is plainly a question of fact. Taking the facts as presented by the Plaintiffs, Wiley violated a clearly established constitutional civil right, and Defendants are not able to credibly argue otherwise.

## V.  CONCLUSION

Given that the Court explicitly denied summary judgment on the grounds that issues of material fact precluded dismissal, and Defendants now are trying to contort their appeal of the Court's ruling to one regarding solely legal issues, Plaintiffs respectfully request that the Court certify the Defendants' appeal as frivolous so that it may maintain jurisdiction over this case and this matter may proceed to the long-awaited trial which is mere weeks away.

DATED this 6th day of August 2024.

CONNELLY LAW OFFICES, PLLC

By_____
John R. Connelly, Jr., WSBA No. 12183
Meaghan M. Driscoll, WSBA No. 49863
Samuel J. Daheim, WSBA No. 52746
2301 N. 30th Street
Tacoma, WA 98403
Telephone: (509) 863-2742
Email: jconnelly@connelly-law.com
Email: mdriscoll@connelly-law.com
Email: sdaheim@connelly-law.com
Attorneys for Plaintiffs

PLAINTIFFS' MOTION FOR CERTIFICATION OF DEFENDANTS' APPEAL AS FRIVOLOUS - 8 of 8
(Cause No. 3:22-cv-05647)

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax